**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| JAZMIN NAZARIO DAVILA, | ) | |
| *Plaintiff,* | ) | Case No. __ 1:26-cv-1272_____ |
| | ) | |
| | ) | **COMPLAINT UNDER THE** |
| v. | ) | **FREEDOM OF INFORMATION** |
| | ) | **ACT FOR DECLARATORY AND** |
| | ) | **INJUNCTIVE RELIEF** |
| UNITED STATES CUSTOMS AND | ) | |
| BORDER PROTECTION | ) | |
| *Defendant.* | ) | |

## I. INTRODUCTION

Plaintiff Jazmin Nazario Davila ("Plaintiff" or "Ms. Nazario Davila") submitted a Freedom of Information Act ("FOIA") request to Defendant United States Customs and Border Protection ("Defendant" or "CBP") on March 18, 2025, for records concerning her immigration history. Defendant has failed to disclose the requested documents within the time prescribed by FOIA. Therefore, Plaintiff now files this action for injunctive and other appropriate relief under the Freedom of Information Act, 5 U.S.C. § 552.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 5 U.S.C. §§ 552(a)(4)(B), (6)(C)(i) and 28 U.S.C. § 1331.

2. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) because Plaintiff resides in this district.

## III. PARTIES

3.  Plaintiff Jazmin Nazario Davila submitted a FOIA request to United States Customs and Border Protection through her lawyers on March 18, 2025. She is a resident of Austin, Texas.

4.  Defendant United States Customs and Border Protection is a component agency of the Department of Homeland Security ("DHS") and an agency of the United States under 5 U.S.C. § 552(f)(1). United States Customs and Border Protection has responsive records in its possession, custody, and control. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA.

## IV. STATEMENT OF FACTS

5.  On March 18, 2025, Nazario Davila submitted a FOIA request, seeking "Any and all records in your possession and/or control related to the subject of the records, including but not limited to records relating to an encounter/apprehension on or about October 25, 2021." *See* Ex. A, FOIA Request. To assist in the search, Nazario Davila provided her full name, her passport number, her date of birth, and her parents' names. *Id.* To assist in the search, Nazario Davila provided her full name, her passport number, her date of birth, and her parents' names. *Id.*

6.  On April 2, 2025, CBP responded issuing no records, claiming that "we were unable to locate or identify any responsive records, based upon the information you provided in your request." *See* Ex. B, CBP's "No Records" Response.

7. However, records obtained through FOIA from the Department of Homeland Security's Office of Biometric Identity Management ("OBIM") indicate that records exist for an apprehension of Ms. Nazario Davila, on the date--October 25, 2021-- that she has specified in her original FOIA request, with the date of birth she had previously provided, albeit with her name appearing as "Jazmin Nazari-Davila" instead of "Jazmin Nazario Davila". *See*, Ex. C, OBIM Records. Notably, the OBIM records list as their source "DHS CBP BP" (Department of Homeland Security Customs and Border Protection Border Patrol." *Id.*

8. On June 11, 2025, Nazario Davila submitted an appeal of CBP's denial of her request, enclosing the OBIM records demonstrating the existence of records, and to assist CBP in their search. *See*, Ex. D, FOIA Appeal. The Appeal was assigned case number CBP-AP-2025-004507.

9. On June 18, 2025, CBP Administratively Closed the appeal, acknowledging that they received the OBIM records which indicate that their search was inadequate, but nonetheless stating that "FOIA Division conducted a reasonable search based on the information you provided at the time of your request." *See.* Ex. E, FOIA Appeal Denial.

## V. CAUSES OF ACTION

### COUNT I: Violation of FOIA, 5 U.S.C. § 552(a)(3)(C)
### Failure to Conduct Adequate Search

10. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

11. Under the FOIA, agencies must respond to a FOIA request by making reasonable efforts to search for the records requested. 5 U.S.C. § 552(a)(3)(C).

12. Defendant CBP violated FOIA by failing to conduct a reasonable search for records responsive to Plaintiff's request.

**COUNT II: Violation of FOIA, 5 U.S.C. § 552(a)(4)(B)**

**Unlawful Withholding of Agency Records**

13. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

14. Agencies "shall make the records promptly available to any person" for "any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A).

15. Agencies may withhold records only under the specifically enumerated FOIA exemptions. 5 U.S.C. § 552(a)(4)(B).

16. Plaintiff duly submitted a request for non-exempt records under the FOIA on March 18, 2025, which Defendant acknowledged in writing. In her request she provided information that apprehension records existed, the exact date of the apprehension, her full name (which was one character off the name as it appears in the OBIM records originating from CBP), and her date of birth—going well beyond a reasonable description. However, on or about April 3, 2025, Defendant responded by saying that no such records were available.

17. Subsequently, on June 11, 2025, Plaintiff appealed Defendant's denial of her records request, and provided evidence that responsive records exist and that CBP's search was inadequate.  On June 18, 2025, CBP Administratively Closed the appeal, did not provide responsive records, claiming to have conducted a reasonable search.

18. CBP violated FOIA by unlawfully withholding records responsive to the Plaintiff's request other than those that FOIA has exempted.

## COUNT III: Violation of FOIA, 5 U.S.C. § 552(a)(3)(A)
### Failure to Make Records Promptly Available

19. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

20. CBP, as a federal executive branch agency, must promptly produce records responsive to a properly filed FOIA request. 5 U.S.C. § 552(a)(3).Plaintiff has a legal right to obtain such records, and no legal basis exists for CBP's failure to disclose them.

21. Because CBP has failed to disclose or produce non-exempt records responsive to Plaintiff's FOIA request, Defendant has violated of 5 U.S.C. § 552(a)(3).

## VI. REQUEST FOR RELIEF

For the above and foregoing reasons, Plaintiff respectfully request that this Court take the following actions:

1.  Assume jurisdiction over the matter;

2. Order Defendant to issue determinations responsive to Plaintiff's request in accordance with 5 U.S.C. § 552(a)(6)(A)(i), (B)(i);

3. Order Defendant to conduct prompt and adequate searches for all records responsive to Plaintiff's request in accordance with 5 U.S.C. § 552(a)(3)(C);

4. Enjoin Defendant from continuing to improperly withhold records responsive to the Plaintiff's request in accordance with 5 U.S.C. § 552(a)(3)(A);

5. Order Defendant to produce, within twenty (20) days of the Court's order, or by such other date as the Court deems appropriate, all non-exempt records or portions of records responsive to Plaintiff's request and any agency justifications for withholding any responsive records;

6. Award Plaintiff reasonable attorneys' fees and court costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

7. Award Plaintiff such further relief as the Court deems just, equitable, and appropriate.

DATE: May 13, 2026.

Respectfully submitted,

BUZGOVA, MENESES & WELLINGTON SMITH, LLP
7201 Guadalupe St.
Austin, Texas 78752
Tel: (512) 476-7163
Fax: (844) 254-1044
Email: adriane@immigrationlawtx.com

By:   */s/ Adriane Meneses*
Adriane Meneses
Texas Bar No. 24081368
COUNSEL FOR PLAINTIFF